IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MONIQUE PHILLIPS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Case No.:** 21-1792 |
| | : | |
| **OAKMONT CENTER FOR NURSING AND REHABILITATION,** | : | |
| | : | |
| | : | **COMPLAINT IN CIVIL ACTION** |
| **Defendant.** | : | |
| | : | |

Filed on Behalf of Plaintiff:
Monique Phillips

Counsel of Record for this Party:

**J.P. WARD & ASSOCIATES, LLC**

Joshua P. Ward
Pa. I.D. No. 320347

J.P. Ward & Associates, LLC
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Telephone:     (412) 545-3015
Fax No.:           (412) 540-3399
E-mail:             jward@jpward.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MONIQUE PHILLIPS,** | : |
| **Plaintiff,** | : |
| v. | : **Case No.:** |
| **OAKMONT CENTER FOR NURSING AND REHABILITATION,** | : |
| **Defendant.** | : |

## COMPLAINT IN CIVIL ACTION

AND NOW, comes Plaintiff, Monique Phillips, by and through the undersigned counsel, J.P. Ward & Associates, LLC., and, specifically, Joshua P. Ward, Esquire, who files the within Complaint against Defendant, Oakmont Center for Nursing and Rehabilitation, of which the following is a statement:

## PARTIES

1. Plaintiff, Monique Phillips (hereinafter "Ms. Phillips"), is an adult individual who currently resides at 306 Hawkins Avenue, Braddock, Pennsylvania 15104.

2. Defendant, Oakmont Center for Nursing and Rehabilitation (hereinafter "Oakmont") is a Pennsylvania business located at 26 Ann Street, Oakmont, Pennsylvania 15139.

## NATURE OF THE ACTION

3. This action arises under Section 1981 of the Civil Rights Act of 1866 ("Section 1981") 42 U.S.C. § 1981.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Ms. Phillips's discrimination claims pursuant to 28 U.S.C. § 1331.

5. Ms. Phillips is a resident and citizen of Pennsylvania, a substantial amount of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 25 U.S.C. § 1391(b).

## PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

6. Ms. Phillips initiated employment with Oakmont on or about September of 2019.

7. Ms. Phillips is an African American woman who was employed in the housekeeping department at Oakmont and is qualified for the position she held.

8. Ms. Phillips was a model employee and was never previously disciplined in her position at Oakmont.

9. On or about a date in February of 2020, one of Ms. Phillips's African American coworkers was terminated from her position at Oakmont.

10. Following this termination, the Caucasian maintenance supervisor at Oakmont, "Dakota" (hereinafter "Mr. Dakota") commented to another coworker within the housekeeping department that there were now, "four more n***ers to go to get out of here."

11. Mr. Dakota regularly made racially discriminatory comments in the workplace toward African American employees. One such statement was when Mr. Dakota said, "y'all out here working like slaves," in reference to the African American employees.

12. Furthermore, while Mr. Dakota did not have the authority to do so, he regularly assigned Ms. Phillips job duties and work.

13.     Also, on or about February of 2020, the timeclock system, previously used at Oakmont, became inoperable.

14.     As a result, Oakmont utilized timecard paper forms which needed to be signed and verified by supervisors.

15.     Out of concern with this method, Ms. Phillips expressed her disapproval with the timecard sheets to the administrator, "Jennifer."

16.     On or about June of 2020, with no prior discipline, suspension, or warning, Ms. Phillips was terminated from her position with Oakmont for an alleged inconsistency in her timecard sheet.

17.     Upon information and belief, Oakmont has a disciplinary policy with a warning and suspension system which was not utilized when Ms. Phillips was terminated.

18.     Furthermore, Ms. Phillips reported her concerns with the timecard sheet system, and the possibility for inconsistencies, yet was terminated based on an alleged inconsistency on her timecard sheet.

## COUNT I
## RACIAL DISCRIMINATION IN
## VIOLATION OF SECTION 1981

19.     Ms. Phillips incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

20.     42 U.S.C. § 1981(a) provides that:

> "[a]ll persons within the jurisdiction of the United States shall have the same right … to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws …as is enjoyed by white citizens."

*Johnson v. Ry. Exp. Agency, Inc.*, 421 U.S. 454, 460 (1975) (holding that Section 1981 "affords a federal remedy against discrimination in private employment on the basis of race."); see also, *Comcast Corp. v. Natl. Assn. of African Am.-Owned Media*, 140 S. Ct. 1009, 1010 (2020).

21. Thus, Section 1981 prohibits employers from engaging in intentional racial discrimination.

22. Ms. Phillips was terminated with no prior discipline for an inconsistency which she had previously expressed concern for to her administrator.

23. Ms. Phillips was not afforded the same ability to receive warnings and discipline prior to her termination as her Caucasian counterparts were afforded.

24. Ms. Phillips's position was terminated shortly following the statement made by Ms. Phillips's supervisor, Mr. Dakota, that there were "four more n***ers to go to get out of here."

25. Oakmont's termination of Ms. Phillips following the abovementioned statement, and without the warning system afforded to Ms. Phillips's Caucasian coworkers, illustrated the discriminatory animus Oakmont possessed towards African American employees.

26. By terminating Ms. Phillips in this fashion, Oakmont deprived Ms. Phillips of the full and equal benefit of all laws as is enjoyed by white citizens, in violation of Section 1981.

27. Oakmont terminated Ms. Phillips because of her race, and therefore deprived her of the same right to make and enforce contracts as is enjoyed by white citizens, in direct violation of Section 1981.

28. Oakmont's actions against Ms. Phillips were undertaken with wanton, willful, and reckless indifference to Ms. Phillips's federally protected right to make and enforce contracts regardless of her race.

29. As a direct and proximate result of the aforementioned conduct, Ms. Phillips suffered actual damages, including, but not limited to, lost wages, benefits, emotional distress, anxiety, loss of reputation, loss of professional opportunities, humiliation and severe inconvenience all in the past present and future.

WHEREFORE, Plaintiff, Monique Phillips, hereby requests this Honorable Court consider the above and grant relief in her favor. Specifically, Plaintiff requests this Court award her back pay, front pay, any other compensatory and punitive damages as calculated by the Court, pre-judgment and continuing interest as calculated by the Court, and reasonable attorney's fees.

## COUNT II
## HOSTILE WORK ENVIRONMENT IN
## VIOLATION OF SECTION 1981

30. Ms. Phillips incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

31. To establish a § 1981 claim alleging a hostile work environment based on race, a plaintiff must show that: "(1) the employee suffered intentional discrimination because of his/her race, (2) the discrimination was severe or pervasive, (3) the discrimination detrimentally affected the plaintiff, (4) the discrimination would detrimentally affect a reasonable person in like circumstances, and (5) the existence of respondeat superior liability, meaning the employer is responsible." *Castleberry v. STI Group*, 863 F.3d 259, 263 (3d Cir. 2017)

32. Ms. Phillips faced discriminatory treatment in the form of racially discriminatory comments and a racially discriminatory culture, made by her supervisor, Mr. Dakota.

33. Mr. Dakota made the racially discriminatory comment that he had "four more n***ers to go to get out of here" following the termination of an African American employee on or about February of 2020.

34. Additionally, Mr. Dakota regularly made grossly discriminatory comments toward the African American employees at Oakmont, including the instance where he stated, "y'all out here working like slaves," in reference to the African American employees.

35. Ms. Phillips was subjected to a hostile work environment, by her supervisor, through these racially discriminatory comments.

36. Furthermore, because Mr. Dakota is a supervisor at Oakmont and acted as an agent of Oakmont, respondeat superior liability exists, according to Section 1981.

37. Therefore, Oakmont permitted, condoned, and perpetuated the racially hostile work environment to which Ms. Phillips was forced to endure, and therefore deprived her of the same right to make and enforce contracts as is enjoyed by white citizens, in violation of the Civil Rights Act of 1866, 42 U.S.C. §1981.

38. Oakmont's actions against Ms. Phillips were undertaken with reckless indifference to Ms. Phillips's federally protected right to make and enforce contracts irrespective of her race.

39. As a result of Oakmont's race discrimination against Ms. Phillips, Ms. Phillips has suffered and continues to suffer damages, including but not limited to lost wages and benefits, anxiety, loss of reputation, lost career opportunities, emotional distress, humiliation and inconvenience.

WHEREFORE, Plaintiff, Monique Phillips, hereby requests this Honorable Court consider the above and grant relief in her favor. Specifically, Plaintiff requests this Court award her back pay, front pay, any other compensatory and punitive damages as calculated by the Court, pre-judgment and continuing interest as calculated by the Court, and reasonable attorney's fees.

**JURY TRIAL DEMANDED**

                                                              Respectfully submitted,

                                                              **J.P. WARD & ASSOCIATES, LLC**

Date: December 9, 2021                          By:  */s/ Joshua P. Ward*
                                                                  Joshua P. Ward (Pa. I.D. No. 320347)

                                                                    J.P. Ward & Associates, LLC
                                                                    The Rubicon Building
                                                                    201 South Highland Avenue
                                                                    Suite 201
                                                                    Pittsburgh, PA 15206

                                                                    Counsel for Plaintiff